IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 10-cv-00530-ZLW-KLM

JEREMY C. GARDNER,

    Plaintiff,

v.

MAIMI-YODER SCHOOL DISTRICT JT-60;
RICHARD WALTER, in his individual capacity; and
DEBBIE PAYNE, in her individual capacity,

    Defendants.

## ORDER

    The matter before the Court is Defendants' Motion To Dismiss Fifth, Sixth, Seventh, and Eighth Claims For Relief (Doc. No. 21).  The Court addresses herein a preliminary issue prior to issuing an order resolving the motion.

    The parties dispute whether various exhibits attached to Defendants' motion are properly considered in a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  Defendants' Exhibit 1 is Defendant Miami-Yoder School District JT-60's Board Policy GDABB-R titled "Grounds Maintenance Job Description."  Exhibit 2 is a series of seven documents describing Plaintiff's maintenance position and employment conditions which all appear to all be signed by Plaintiff.  Exhibit 3 is School Board Policy GDA titled "Support Staff Positions."  Exhibit 4 is School Board Policy GBK titled "Staff Concerns/Complains/Grievances."

Plaintiff argues that these exhibits can not be considered at this stage of the case because they were not specifically referenced in the Amended Complaint. Defendants counter that these documents should be considered because they are indirectly referenced in various parts of the Amended Complaint, form the basis of at least one of Plaintiff's claims, and, with respect to the School Board Policies, are a matter of public record and thus subject to judicial notice.

"In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference."[1] "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[2]

The Amended Complaint specifically refers to "Board policy GDE/GDF/GDG" in paragraph 34. Additionally, the Amended Complaint broadly refers to board policies in various other paragraphs.[3] Notably, the breach of contract claim (Claim Six) appears to rely on Board policies as a substantial element of the claim as it specifically implicates the "policies of the Board of Education" and alleges that "violation of these board

---

[1] Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing Indus. Constructors Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 964-65 (10th Cir. 1994), Tellabs Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007), and TMJ Implants Inc. v. Aetna, Inc., 498 F.3d 1175, 1180 (10th Cir. 2007)).

[2] Alvarado v. KOB-TV. L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002)).

[3] See ¶¶ 34, 41, 67-68, 70, 82, 115, 119, 126.

2

policies and failure to comply with Board policies" constituted a breach.[4]  Therefore, Board policies appear to be central to at least one of Plaintiff's claims.[5]

Additionally, the United States Court Of Appeals for the Tenth Circuit has consistently held that "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment."[6]  "This allows the court to take judicial notice of . . . facts which are a matter of public record."[7]  School board policies are a matter of public record in Colorado.[8]  Therefore, all Board policies relevant to the current claims may be considered by this Court on Defendants' Rule 12(b)(6) motion.

With respect to Exhibit 2, the Court finds that inclusion of these documents in its analysis is appropriate.  Claim Six alleges that Plaintiff "worked within the District pursuant to an express or implied contract."[9]  The Court finds that a series of documents spanning Plaintiff's employment, discussing the terms of that employment and

---

[4]Amended Complaint (Doc. No. 16; June 28, 2010), at 27 ¶ 119.

[5]*See* Jacobsen, 287 F.3d at 941.

[6]Tal v. Hogan, 453 F.3d 1244, 1264-65 n.24 (10th Cir. 2006) (*citing* Grynberg v. Koch Gateway Pipeline Co., 390 F.3d 1276, 1278 n.1 (10th Cir 2004) and 27A Fed. Proc., L.Ed. § 62:520 (2003)).

[7]Tal, 453 F.3d at 1264-65 n.24 (*quoting* Van Woudenberg ex rel. Foor v. Gibson, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by* McGregor v. Gibson, 248 F.3d 946, 955 (10th Cir. 2001)).

[8]Colo. Rev. Stat. § 24-72-202(6)(a)(I).

[9]Amended Complaint, at 27 ¶ 119

apparently signed by him, could reasonably be interpreted as constituting part of the "express or implied contract" alleged.[10]

Rather than addressing the substance of the aforementioned exhibits in his response brief, Plaintiff argues simply that the Court should not consider the documents. For the reasons set forth above, the documents are properly considered on this Rule 12(b)(6) motion. Although Plaintiff made the tactical decision to not address their substance, out of an abundance of caution and in order to allow Plaintiff every opportunity to present his arguments on this dispositive motion, the Court will convert the motion to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) and allow **limited** further briefing on the issues raised by Defendants' Exhibits.[11] Accordingly it is

ORDERED that Defendants' Motion To Dismiss Fifth, Sixth, Seventh, and Eighth Claims For Relief (Doc. No. 21; July 15, 2010) is converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). It is

FURTHER ORDERED that on or before December 3, 2010, Plaintiff may file a supplemental brief, no more than twenty pages in length, which addresses the issues raised by Defendants' Exhibits 1-4. It is

---

[10] At-will employment status may be an important factor in resolving the Claim. *See, e.g.*, Fremont RE-1 School Dist. v. Jacobs, 737 P.2d 816, 820 (Colo. 1987) (termination of at-will employee not subject to judicial review).

[11] The Court notes that further discovery will likely not be useful regarding the present claims since all the documentation and information needed to resolve the issues may already be known. *See* Fed. R. Civ. P. 1 (the civil rules "should be construed and administered to secure the **just, speedy, and inexpensive determination** of every action and proceeding") (emphasis added).

FURTHER ORDERED that Defendants will have fifteen days after Plaintiff's brief is filed to file a supplemental response of no more than ten pages in length.

DATED at Denver, Colorado, this   3rd   day of November, 2010.

                BY THE COURT:

                */s/ Zita Leeson Weinshienk*
                _____
                ZITA LEESON WEINSHIENK, Senior Judge
                United States District Court